Susan L. Gutierrez (Bar No. 273980)
sgutierrez@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 90067
Telephone:  (310) 557-2900
Facsimile:   (310) 557-2193

Steven M. Bauer (*pro hac vice* to be sought)
sbauer@proskauer.com
Justin J. Daniels (*pro hac vice* to be sought)
jdaniels@proskauer.com
Safraz W. Ishmael (*pro hac vice* to be sought)
sishmael@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

Baldassare Vinti (*pro hac vice* to be sought)
bvinti@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:   (212) 969-2900

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION,<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br>SCEPTRE, INC.,<br>　　　　　　　　Defendant. | Case No. 2:14-cv-4994<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

COMPLAINT

## COMPLAINT

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Philips"), Thomson Licensing ("Thomson"), GE Technology Development, Inc. ("GE"), Panasonic Corporation ("Panasonic"), and Sony Corporation ("Sony") (together, "Plaintiffs"), by their undersigned attorneys, for their complaint against defendant Sceptre, Inc. ("Sceptre"), hereby allege as follows:

## PARTIES

1. Plaintiff Mitsubishi is a Japanese corporation, having its principal place of business in Tokyo, Japan.

2. Plaintiff Philips is a Netherlands corporation, having its principal place of business in Amsterdam, The Netherlands.

3. Plaintiff Thomson is a French corporation, having its principal place of business in Issy-les-Moulineaux, France.

4. Plaintiff GE is a Delaware corporation, having its principal place of business in Albany, New York.

5. Plaintiff Panasonic is a Japanese corporation, having its principal place of business in Osaka, Japan.

6. Plaintiff Sony is a Japanese corporation, having its principal place of business in Tokyo, Japan.

7. Defendant Sceptre, upon information and belief, is a California

corporation, having a regular and established business and sales office, or offices, in City of Industry, California and possibly other cities in this District.

8. Sceptre also does business, or has done business, as Sceptre Industries, Inc., Sceptre Tech Inc., Sceptre Technologies, Inc., Sceptre Group, E-Sceptre, Inc., E-Scepter Inc., ESceptre, Golden Pacific Electronics Incorporated, Golden Pacific Properties, and/or OCosmo.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

10. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

12. The Court has personal jurisdiction over Sceptre because Sceptre, among other things, conducts business in, and avails itself of the laws of, the State of California. Sceptre is registered to do business in California and has appointed an agent for service of process in California. In addition, upon information and belief, Sceptre through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels,

1  knowing such products would be used, offered for sale and/or sold in this District.

**PATENTS-IN-SUIT**

13. United States Patent No. 7,376,184, entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" (hereinafter, "the '184 patent") was duly and legally issued on May 20, 2008. A copy of the '184 patent is attached hereto as Exhibit 1.

14. United States Patent No. 6,097,759, entitled "Image Signal Coding System" (hereinafter, "the '759 patent") was duly and legally issued on August 1, 2000. A copy of the '759 patent is attached hereto as Exhibit 2.

15. United States Patent No. 5,606,539, entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus" (hereinafter, "the '539 patent") was duly and legally issued on February 25, 1997. A copy of the '539 patent is attached hereto as Exhibit 3.

16. United States Patent No. 5,459,789, entitled "Packet TV Program Component Detector" (hereinafter, "the '789 patent") was duly and legally issued on October 17, 1995. A copy of the '789 patent is attached hereto as Exhibit 4.

17. United States Patent No. 5,491,516, entitled "Field Elimination Apparatus for a Video Compression/Decompression System" (hereinafter, "the '516 patent") was duly and legally issued on February 13, 1996. A copy of the '516 patent is attached hereto as Exhibit 5.

18. United States Patent No. 5,784,107, entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding" (hereinafter, "the '107 patent") was duly and legally issued on July 21, 1998. A copy of the '107 patent is attached hereto as Exhibit 6.

19. United States Patent No. 5,481,553, entitled "Methods and Apparatus for Preventing Rounding Errors When Transform Coefficients Representing a Motion Picture Signal Are Inversely Transformed" (hereinafter, "the '553 patent") was duly and legally issued on January 2, 1996. A copy of the '553 patent is attached hereto as Exhibit 7.

## THE MPEG-2 STANDARD

20. In the 1990s, the Moving Pictures Expert Group ("MPEG") (a working group formed by the International Organization for Standardization (ISO) and International Electrotechnical Commission (IEC)) developed the "MPEG-2 Standard." The MPEG-2 Standard defines, among other things, a technology for compressing digital video signals (for example, moving picture signals in movies or television) so that the amount of information needed to represent the digital video signals is reduced. This enables a dramatic reduction in the storage space or transmission capacity needed to store or transmit the digital video signals yet still allows a faithful, high quality presentation of such video signals.

21. Thus, the MPEG-2 Standard facilitates, among other things, the storage, playing, transmission and reproduction of digital terrestrial broadcast

television, digital cable television, full-length films on DVD discs, and digital satellite television broadcasts in the United States.

22. The Federal Communications Commission ("FCC") also has adopted certain standards as the required standards for transmitting and receiving terrestrial broadcast digital television ("DTV") in the United States. FCC rules require broadcasters to broadcast DTV signals in compliance with those standards, and require DTV receivers (such as television sets) to be equipped with tuners for receiving, decoding and presenting such DTV signals in compliance with those standards. The standards also require that DTV signals contain video encoded in compliance with the MPEG-2 Standard, which is the only type of video that can be transmitted in a terrestrially broadcast DTV signal in the United States.

**SCEPTRE'S INFRINGEMENT**

23. Each of the patents-in-suit is infringed by practice of the MPEG-2 Standard.

24. Sceptre makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies in this District and elsewhere in the United States, numerous products which comply with the MPEG-2 Standard ("Sceptre's MPEG-2 Products").

25. Sceptre advertises that its MPEG-2 Products, including its television sets, comply with the standards mandated by the FCC which in turn require compliance with the MPEG-2 Standard.

26. Upon information and belief, Sceptre's MPEG-2 Products include (but are not limited to) the following television set model numbers:

| Sceptre Branded Products | | | |
|---|---|---|---|
| E165BD-HD | H322BV-FHD | SQ3200 HDTV | X195BV-HD HDTV |
| E165BV-HD | H409BV-FHD | SQ3200* HDTV | X320BV-ECO HDTV |
| E195BD-SHDC HDTV/DVD | H425BV-FHD | | X320BV-HD |
| E195BV-SHD | H505BV-FHD HDTV | | X322BV-HD |
| E195BV-SHDE HDTV | | | X322BV-HDR |
| E240BC-FHD HDTV | | | X322PV-HDR |
| E240LC-FHD HDTV | | | X322UV-HDR |
| E240PC-FHD HDTV | | | X322WV-HDR |
| E240RC-FDH HDTV | | | X325BV-FHD |
| E240WC-FHD HDTV | | | X325BV-FHDU HDTV |
| E243BD-FHD | | | X325BV-FMDR |
| E243BV-FHD | | | X328BV-FHD HDTV |
| E243CV-FHD | | | X370BV-FHD HDTV |
| E243LV-FHD | | | X370BV-HD HDTV |
| E243PV-FDH Color HDTV | | | X372BV-FHD HDTV |
| E243RV-FHD | | | X400BV-FHD HDTV |
| E243WV-FHD | | | X402BV-FHD HDTV |
| E245BD-FHDU HDTV/DVD | | | X405BV-FHD HDTV |
| E245BV-FHD | | | X405BV-FHD3 |
| E245BV-FHD* | | | X405BV-FHDR |
| E245PD-FHDR | | | X405BV-FMD HDTV |
| E245PV-FHDR | | | X405BV-FMDU HDTV |
| E245RD-FHDR | | | X408BV-FHD |
| E245RV-FHDR | | | X408BV-FHDU HDTV |
| E245WD-FHDR | | | X409BV-FHD |
| E245WV-FHDR | | | X409BV-FHDR HDTV |
| E248BD-FHD HDTV | | | X409BV-FHDU HDTV |
| E320BV-HD HDTV | | | X420BV-FHD HDTV |
| E325BD-HD | | | X425BV-FHD |
| E325BV-FHDD 3D HDTV | | | X425BV-FHD3 HDTV |
| E325BV-HDC | | | X460BV-F120 HDTV |
| E325LD-HDR | | | X460BV-FHD HDTV |
| E325PD-HDR | | | X460EV-F120 HDTV |
| E325UD-HDR | | | X460PV-F120 HDTV |
| E325WD-HDR | | | X505BV-FHD |
| E328BD-HDC HDTV | | | X505BV-FHDU HDTV |
| E328BV-HDC HDTV | | | X505BV-FMDR HDTV |
| E328BV-HDH HDTV | | | X508BV-FHD |
| E328BV-MDC-HDTV | | | X508BV-FHDU HDTV |
| E420BV-F120 | | | |
| E425BV-FHDD | | | |
| E425BV-FHDD | | | |
| E465BV-FHDD | | | |
| E465BV-FHDD | | | |
| E475BV-FMDU | | | |
| E478BV-FMDU-HDTV | | | |
| E505BV-FMQR HDTV | | | |

| OCOSMO Branded Products |
| --- |
| CE1850 |
| CE1850V |
| CE2401 |
| CE2401V |
| CE3200 |
| CE3200V |
| CE3201 |
| CE3230 |
| CE3230V |
| CE4001 |
| CE4031 |
| CE4201 |
| CE4271 |
| CE7401 |
| CX5001 |

Without discovery from Sceptre, Plaintiffs are not able to ascertain at the pleading stage all Sceptre products with MPEG-2 functionality.

27. Sceptre has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Sceptre's MPEG-2 Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

28. Upon information and belief, Sceptre has also sold and provided and continues to sell and provide its MPEG-2 Products, directly and/or indirectly, to third parties, including but not limited to customers, users, distributors, and/or resellers (such as retailers) (collectively, "downstream parties").

29. Upon information and belief, the downstream parties directly infringe one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Sceptre's MPEG-2 Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

30. MPEG LA is a company that offers a "one-stop-shop" license for a pool of patents for practicing the MPEG-2 Standard ("MPEG-2 pool license"). Mitsubishi, Philips, Thomson, GE, Panasonic, and Sony are licensors in the MPEG-2 pool license and the '184, '759, '539, '789, '516, '107, and '553 patents are licensed under the MPEG-2 pool license. MPEG LA offers the MPEG-2 pool license on fair, reasonable and nondiscriminatory terms.

31. Nearly 2,000 companies have taken the MPEG-2 pool license, including major consumer electronics sellers that compete with Sceptre.

32. In addition, separate and apart from the MPEG-2 pool license, each of Mitsubishi, Philips, Thomson, GE, Panasonic, and Sony has committed to make available licenses under any and all of its MPEG-2 essential patents to any individual company or entity desirous of such a license on fair, reasonable and nondiscriminatory terms.

33. Thus, any company may obtain a license directly from Mitsubishi for the '184 and/or '759 patents, from Philips for the '539 patent, from Thomson for the '789 patent, from GE for the '516 patent, from Panasonic for the '107 patent, and from Sony for the '553 patent; or, alternatively, may obtain the MPEG-2 pool license from MPEG LA.

34. MPEG LA offered the MPEG-2 pool license to Sceptre but Sceptre has declined to take the license.

35. Plaintiffs gave written notice to Sceptre of its infringement. For example, among other things, MPEG LA, on behalf of each Plaintiff, gave written notice to Sceptre of its infringement.

36. Sceptre has also not entered into a license under any of the '184, '759, '539, '789, '516, '107, and '553 patents with any of Plaintiffs.

37. In short, notwithstanding the fact that Sceptre was and continues to be aware that its products infringed and are infringing the patents-in-suit, Sceptre has refused to take a license.

38. Infringement of the patents-in-suit by Sceptre is, therefore, willful.

39. For the same reasons, among others, Sceptre has known that the acts by downstream parties of making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying Sceptre's MPEG-2 Products, in this District and elsewhere in the United States, directly infringe the patents-in-suit.

40. Further, upon information and belief, Sceptre has specifically intended to induce and contribute to the infringement by, and has induced and contributed to the infringement by, downstream parties to infringe the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, its MPEG-2 Products, knowing that the use of these products causes others to infringe Plaintiffs' patents-in-suit.  For example, Sceptre has advertised, licensed, and/or provided instructions for such products with the specific intent and encouragement that the downstream parties infringe the patents-in-suit.  Also, upon information and belief, Sceptre has provided downstream parties with instructions and/or user guides indicating that its products employ the MPEG-2 Standard.

41. Sceptre's infringing actions were and are without authority, consent or license.

42. Plaintiffs have each suffered damages as a result of the direct and indirect infringing actions of Sceptre, and will continue to suffer such damages as long as those infringing actions continue.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,376,184**

43. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

44. Mitsubishi is the assignee and owner of the right, title, and interest in and to the '184 patent, now and for the entire period of and relevant to the

10
COMPLAINT

infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

45.     Sceptre is, and has been, on notice of the '184 patent since before this lawsuit was filed.

46.     Based on, among other things, the facts incorporated by reference in paragraph 43, and alleged in paragraphs 44-45, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '184 patent under 35 U.S.C. § 271, including at least claim 2.

47.     Upon information and belief, the infringement of the '184 patent by Sceptre has been willful.

48.     Mitsubishi has been damaged and continues to be damaged by Sceptre's infringement of the '184 patent.

**COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,097,759**

49.     The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

50.     Mitsubishi is the assignee and owner of the right, title, and interest in and to the '759 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

51.     Sceptre is, and has been, on notice of the '759 patent since before this lawsuit was filed.

52. Based on, among other things, the facts incorporated by reference in paragraph 49, and alleged in paragraphs 50-51, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '759 patent under 35 U.S.C. § 271, including at least claims 4, 5, and 6.

53. Upon information and belief, the infringement of the '759 patent by Sceptre has been willful.

54. Mitsubishi has been damaged and continues to be damaged by Sceptre's infringement of the '759 patent.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,606,539**

55. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

56. Philips is the assignee and owner of the right, title, and interest in and to the '539 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

57. Sceptre is, and has been, on notice of the '539 patent since before this lawsuit was filed.

58. Based on, among other things, the facts incorporated by reference in paragraph 55, and alleged in paragraphs 56-57, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '539 patent under 35 U.S.C. § 271, including at least claims 23, 24, 25, and 28.

59. Upon information and belief, the infringement of the '539 patent by Sceptre has been willful.

60. Philips has been damaged and continues to be damaged by Sceptre's infringement of the '539 patent.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 5,459,789

61. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

62. Thomson is the assignee and owner of the right, title, and interest in and to the '789 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

63. Sceptre is, and has been, on notice of the '789 patent since before this lawsuit was filed.

64. Based on, among other things, the facts incorporated by reference in paragraph 61, and alleged in paragraphs 62-63, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '789 patent under 35 U.S.C. § 271, including at least claims 1 and 2.

65. Upon information and belief, the infringement of the '789 patent by Sceptre has been willful.

66. Thomson has been damaged and continues to be damaged by Sceptre's infringement of the '789 patent.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 5,491,516

67. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

68. GE is the assignee and owner of the right, title, and interest in and to the '516 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

69. Sceptre is, and has been, on notice of the '516 patent since before this lawsuit was filed.

70. Based on, among other things, the facts incorporated by reference in paragraph 67, and alleged in paragraphs 68-69, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '516 patent under 35 U.S.C. § 271, including at least claims 1, 2, 3, and 4.

71. Upon information and belief, the infringement of the '516 patent by Sceptre has been willful.

72. GE has been damaged and continues to be damaged by Sceptre's infringement of the '516 patent.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 5,784,107

73. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

14
COMPLAINT

74. Panasonic is the assignee and owner of the right, title, and interest in and to the '107 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

75. Sceptre is, and has been, on notice of the '107 patent since before this lawsuit was filed.

76. Based on, among other things, the facts incorporated by reference in paragraph 73, and alleged in paragraphs 74-75, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '107 patent under 35 U.S.C. § 271, including at least claims 10 and 12.

77. Upon information and belief, the infringement of the '107 patent by Sceptre has been willful.

78. Panasonic has been damaged and continues to be damaged by Sceptre's infringement of the '107 patent.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 5,481,553**

79. The allegations contained in paragraphs 1-42 above are repeated and realleged as if fully set forth herein.

80. Sony is the assignee and owner of the right, title, and interest in and to the '553 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

81. Sceptre is, and has been, on notice of the '553 patent since before this lawsuit was filed.

82. Based on, among other things, the facts incorporated by reference in paragraph 79, and alleged in paragraphs 80-81, Sceptre has and continues to directly infringe and/or indirectly infringe, literally and/or under the doctrine of equivalents, the '553 patent under 35 U.S.C. § 271, including at least claims 10, 12, 13, 14, 15, 17, 18, 34, and 35.

83. Upon information and belief, the infringement of the '553 patent by Sceptre has been willful.

84. Sony has been damaged and continues to be damaged by Sceptre's infringement of the '553 patent.

## EXCEPTIONAL CASE

85. The allegations contained in paragraphs 1-84 above are repeated and realleged as if fully set forth herein.

86. Based on, among other things, the facts alleged in paragraphs 1-84, including Sceptre's intentional use of the MPEG-2 Standard, Sceptre's knowledge of its infringement and its downstream parties' infringement, and Sceptre's continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Plaintiffs are entitled to their reasonable costs and expenses of litigation.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

A. Declaring that Sceptre has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 5,606,539, 5,459,789, 5,491,516, 5,784,107, and 5,481,553;

B. Awarding Plaintiffs damages adequate to compensate for Sceptre's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

C. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

D. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 26, 2014

Steven M. Bauer
Baldassare Vinti
Justin J. Daniels
Safraz W. Ishmael
Susan L. Gutierrez

PROSKAUER ROSE LLP

*Attorneys for Plaintiffs*

By: /s/ *Susan L. Gutierrez*
     Susan L. Gutierrez