O

# United States District Court
# Central District of California

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP.; KONINKLIJKE PHILIPS N.V.; THOMSON LICENSING; GE TECHNOLOGY DEVELOPMENT, INC.; PANASONIC CORPORATION; and SONY CORPORATION,<br><br>            Plaintiffs,<br><br>     v.<br><br>SCEPTRE, INC.,<br><br>            Defendant. | Case № 2:14-cv-04994-ODW(AJWx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT'S INVALIDITY CONTENTIONS [55]** |

## I.   INTRODUCTION

Plaintiffs Mitsubishi Electric Corp., Koninklijke Philips N.V., Thomson Licensing, GE Technology Development, Inc., Panasonic Corporation, and Sony Corporation (collectively, "Plaintiffs") move to strike portions of Defendant Sceptre, Inc.'s ("Defendant") invalidity contentions for failing to comply with the disclosure requirements of Patent L.R. 3-3.  For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Strike.[1]  (ECF No. 55.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs brought this patent infringement action on June 26, 2014 against Defendant. The technology at issue relates to patents essential to practicing the MPEG-2 video standard governing the compression and decompression of digital video ("DTV") signals in the United States. (Mot. 1.) On January 19, 2015, Defendant served its Invalidity Contentions pursuant to Patent L.R. 3-3 and the Court's November 12, 2014 Scheduling and Case Management Order (ECF No. 44). On January 27, 2015, the parties met and conferred regarding the sufficiency of those contentions. Unable to come to an agreement, Plaintiff moved to strike portions of Defendant's Invalidity Contentions on February 3, 2015. (ECF No. 55.) Defendant opposed and Plaintiffs replied. (ECF Nos. 60, 65.) On April 13, 2015, the Court granted the parties' joint stipulation to adopt agreed claim constructions and cancel further claim construction proceedings. (ECF No. 72.) Plaintiff's Motion to Strike is now before the Court for consideration.

## III. LEGAL STANDARD

This Court "has adopted Patent Local Rules that 'require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C08–04567CW, 2009 WL 3353306, at *2 (N.D.Cal. Oct.16, 2009), quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). "For invalidity claims, the Patent Local Rules achieve this objective by requiring the party asserting invalidity to serve contentions early in the case disclosing: (1) the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, Patent L.R. 3–3(a); (2) whether each of those items of prior art anticipates each asserted claim or renders it obvious, Patent L.R. 3–3(b); (3) a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, Patent L.R. 3–3(c); and [(4)] any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written

description under 35 U.S.C. § 112(1) of any of the asserted claims, Patent L.R. 3–3(d)." *Largan Precision Co., Ltd. v. Genius Elec. Optical Co.*, No. 13–CV–02502–JD, 2014 WL 6882275, at *1 (N.D. Cal. Dec. 5, 2014).

## IV. DISCUSSION

### A. Plaintiffs Complied with Local Rule 7-3

As an initial matter, the Court finds that Plaintiffs adequately met and conferred with Defendant prior to filing this Motion. Local Rule 7–3 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The conference must take place at least seven days before filing the motion. L.R. 7–3. If the parties are not able to reach a resolution, "the moving party [must] include in the notice of motion a statement to" that effect. *Id*.

Defendant argues that during the January 27, 2015 meet and confer Plaintiffs (1) failed to provide further details besides boilerplate objections regarding the basis for the motion, and (2) did not provide specific examples of alleged deficiencies. (Opp'n 3.) In this case, Plaintiffs identified the rules that Defendant had not complied with and their intent to move to strike each instance in which a claim chart was not provided. (Reply 2.) Because the parties disagreed as to Defendant's ability to amend its invalidity contentions, the parties were unable to come to a resolution during the meet and confer. (*Id*. at 3.) Under these circumstances, the Court finds that Plaintiffs adequately complied with the requirements of Local Rule 7-3. Notwithstanding, the Court does not find that Defendant was prejudiced in any way by the purported lack of specificity during the meet and confer. *See Jauregui v. Nationstar Mortgage LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *2 (C.D. Cal. May 7, 2015) ("Courts can, in their discretion, refuse to consider a motion for failing to comply with Local Rule 7–3. Generally, courts exercise this discretion when the failure to meet and confer prejudiced opposing counsel.") (internal citations omitted).

/ / /

**B.     Defendant's Invalidity Contentions Violate Patent L.R. 3-3**

Plaintiffs argue that for several of the asserted patents Defendant listed prior art without any claim charts. (*See* Mot. 4.) Patent L.R. 3-3(c) is clear that parties accused of infringement are required to provide "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." This rule has consistently been enforced to require detailed disclosures. *See Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1 (N.D. Cal. Sept. 17, 2012) ("Our patent local rules require detailed disclosure of a party's patent invalidity contentions."). Defendant's failure to provide charts that specifically identify how these prior art references apply to the asserted patents does not comply with the clear requirement of L.R. 3-3(c).

Plaintiffs also argue that while Defendant provided pin citations for the prior art that was charted, its contentions purported to reserve the right to rely upon uncited portions of those references. (Mot. 6.) Broad or general disclosures are "insufficient to provide a crystallized view of invalidity theories" and thus also do not comply with L.R. 3-3(c). *Life Techs.*, 2012 WL 4097740, at *3. Defendants may only rely upon cited portions of prior art references. *See Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *4 (N.D. Cal. Dec. 5, 2014) ("The requirement that the invalidity contentions disclose '[w]hether each item of prior art anticipates each asserted claim or renders it obvious' would be a dead letter if parties could avoid it with broad disclaimers.").

Furthermore, Plaintiffs argue that Defendant did not provide charts for any of its obviousness combinations and only asserted the catch-all phrase "any element of an asserted claim can easily be identified by cross-reference to the same particular claim element in other charted prior art reference to show that the element was known in the prior art." (Mot. 7.) Patent L.R. 3-3(b) states that a party challenging validity under obviousness must provide "an identification of any combinations of prior art showing obviousness." The Northern District has explicitly rejected the type of

disclosure that Defendant provided: "Vaguely disclosing that one prior art can substitute for another is insufficient under our local rules." *Life Techs.*, 2012 WL 4097740, at *3.

Lastly, Plaintiff argues that Defendant provided indefiniteness disclosures that are mere boilerplate statements and therefore do not comply with Patent L.R. 3-3(d). (Mot. 8) Defendant's disclosure states that it "cannot yet fully determine all claim terms that might lack an enabling disclosure or written description . . . or fail to meet the definiteness requirement" because the Plaintiffs "have not yet set forth their claim construction positions." *Id*. Seeing that the parties have agreed upon claim construction and cancelled further claim construction proceedings, the issue is now **MOOT**.

### C. Defendant May Amend

Claim construction is settled and the litigation is still in its early stages, expert discovery not scheduled to begin until August 2015. (*See* ECF No. 44.) Therefore, the Court does not find that an amendment to Defendant's Invalidity Contentions would be prejudicial at this time. As to the references insufficiently disclosed in Defendant's invalidity contentions, Defendant will have **14 days** to amend its contentions to reflect Patent L.R. 3-3(b) and (c). After this time, Defendant may not amend contentions as to the disclosed prior art. To the extent that Plaintiffs feel that they are prejudiced by this amendment, the Court will liberally consider any requests for discovery extensions by Plaintiffs.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Strike. (ECF No. 55.) Defendant has until **June 2, 2015** to amend its invalidity contentions in compliance with this order. If Defendant fails to amend accordingly, the following portions of Defendant's Invalidity Contentions will be struck:

(a) Prior art references for which no claim chart was provided (*see* Declaration of Justin Daniels, dated February 3, 2015, Ex. C at 4-6, 12-15, 21-25, 32-33, 40-42, 48-51, 57-59);

(b) Reliance upon "different portions of the prior art items other than those specifically cited in the claims chart[s] provided" by Defendant (*see* Ex. C at 7, 16, 26, 34-35, 44, 52, 60);

(c) Reliance upon obviousness combinations for which no chart was provided and reliance upon "other references and [obviousness] combinations" not specifically disclosed by Defendant (*see* Ex. C at 9-10, 18-19, 28-29, 37, 46, 54, 62).

This Order does not bar Defendant from moving at some future date to amend its Invalidity Contentions pursuant to Patent Local Rule 3-6 should it satisfy the requirements of the Rule.

**IT IS SO ORDERED.**

May 18, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**