O

# United States District Court
# Central District of California

MITSUBISHI ELECTRIC CORP.;
KONINKLIJKE PHILIPS N.V.;
THOMSON LICENSING; GE
TECHNOLOGY DEVELOPMENT, INC.;
PANASONIC CORPORATION; and
SONY CORPORATION,

        Plaintiffs,

    v.

SCEPTRE, INC.,

        Defendant.

Case № 2:14-cv-04994-ODW(AJWx)

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S SECOND AMENDED INVALIDITY CONTENTIONS [88]**

## I. INTRODUCTION

Plaintiffs Mitsubishi Electric Corp., Koninklijke Philips N.V., Thomson Licensing, GE Technology Development, Inc., Panasonic Corporation, and Sony Corporation (collectively, "Plaintiffs") move to strike Defendant Sceptre, Inc.'s ("Defendant") second amended invalidity contentions in their entirety as well as its expert's opinions based on those contentions for failing to comply with Patent L.R. 3-6 and the Court's previous Order striking portions of Defendant's initial invalidity contentions. For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Strike.[1]  (ECF No. 88.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs brought this patent infringement action on June 26, 2014 against Defendant. The technology at issue relates to patents essential to practicing the MPEG-2 video standard governing the compression and decompression of digital video ("DTV") signals in the United States. On January 19, 2015, Defendant served its Invalidity Contentions pursuant to Patent L.R. 3-3 and the Court's November 12, 2014 Scheduling and Case Management Order (ECF No. 44). On February 3, 2015, Plaintiffs moved to strike portions of Defendant's Invalidity Contentions for failure to comply with Patent L.R. 3-3. (ECF No. 55.) On April 13, 2015, the parties stipulated to agreed-upon claim constructions and canceled any further claim construction proceedings. (ECF No. 72.) On May 18, 2015, the Court granted Plaintiffs' Motion and gave Defendant fourteen days to amend its contentions, but held that "after this time, Defendant may not amend contentions as to the disclosed prior art." (ECF No. 73 at 5.) Defendant served its amended contentions on June 2, 2015.

Subsequently, Plaintiffs moved to disqualify Defendant's expert Dr. Cliff Reader due to several conflicts of interest he had with Plaintiffs. (ECF No. 76.) Instead of opposing, Defendant withdrew Dr. Reader and retained a new expert, Dr. Alan Bovik. (ECF No. 78.) The parties also stipulated to an extension to submit expert reports, conduct discovery, file dispositive motions, and conduct a settlement conference. (*Id.*)

On September 11, 2015, without agreement or leave of Court, Defendant served Plaintiffs with its Second Amended Invalidity Contentions, which are incorporated by reference into Dr. Bovik's invalidity report. Plaintiffs filed an ex parte application to strike the contentions or in the alternative for an order shortening the time to brief and hear a motion to strike. (ECF No. 88.) Defendant opposed, stating that, although it had not yet requested for leave, it had good cause to amend the contentions. (ECF No. 91.) The Court declined to strike the contentions on an ex parte basis, but granted a shortened time for briefing on the Motion to Strike. (ECF No. 93.) Defendant

opposed on September 24, 2015 and Plaintiffs replied on September 28, 2015. (ECF Nos. 96, 97.) Plaintiffs' Motion is now before the Court for consideration.

### III.  LEGAL STANDARD

The Patent Rules are designed to "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *DCG Sys. v. Checkpoint Techs., LLC*, No. 11–03792, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal citations and quotation omitted). The invalidity contention disclosure requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Intern.*, *Inc*., 2006 WL 1329997 at *4 (N.D. Cal. 2006) (citations omitted). Accordingly, the rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006). Any invalidity theories not disclosed pursuant to Local Rule 3–3 are barred, accordingly, from presentation at trial (whether through expert opinion testimony or otherwise). *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics. Corp*., No. C04–05385 JW HRL, 2007 WL 2103896 (N.D. Cal. Jul. 20, 2007); *aff'd* 2007 WL 2433386 at *1 (N.D. Cal. Aug. 22, 2007).

"Although federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement [or invalidity] contentions." *See Berger v. Rossignol Ski Co., Inc*., No. 05–02522, 2006 WL 1095914, at *2 (N.D. Cal. Apr. 25, 2006) (internal citation omitted). Patent Local Rule 3–6 allows a party to amend its infringement or invalidity contentions only upon a showing of good cause:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive

> examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3–6. The moving party has the burden of demonstrating good cause. *O2 Micro Int'l Ltd.*, 467 F.3d at 1366. The inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted. *Barco N.V. v. Tech. Props. Ltd.*, No. 08–cv–05398, 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011).

## IV. DISCUSSION

As an initial matter, the fact that Defendant served amended invalidity contentions without requesting leave from the Court in violation of Patent L.R. 3-6 is itself justification for sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.") Further, the Court previously precluded Defendant from amending its contentions as to disclosed prior art. (ECF No. 73 at 5.) Defendants contravened this Order as well by including numerous disclosed prior art in its recent amendment. (ECF No. 90-2 at 3–5.)

Notwithstanding Defendant's disregard for the rules and the Court's Order, Defendant has failed to show diligence in amending its contentions. There were several opportunities well before September 11, 2015 that Defendant could have requested leave to amend its contentions or additional time to investigate new prior

art. For example, Defendant had an opportunity to request leave in April or May after the stipulated claim construction was issued on April 13, 2015.

Defendant blames the late amendment on its replacement of Dr. Reader with Dr. Bovik. (ECF No. 96 at 2–6.) Defendant argues that striking its contentions is a harsh penalty especially in light of its cooperation in finding a new expert at the "eleventh hour." (*Id.*) What Defendant fails to mention is that its "scrambling at the last minute" was all due do its own actions and not by events out of its control. Defendant hired Dr. Reader as an expert knowing that he had worked closely with Plaintiffs in the past (ECF No. 90-2 at 8; ECF No. 76), and should have known that Plaintiffs would likely resist Defendant's use of him in this litigation. Before even retaining Dr. Reader, the prudent course of action would have been for Defendant to confer with Plaintiffs to see if this would pose any issues. Regardless of whether the Court would have ultimately disqualified Dr. Reader due to his conflicts, Defendant should have foreseen that by retaining him without conferring with Plaintiff it risked potentially having to find a replacement during the course of the litigation.

Furthermore, Defendant argues that the Court should look favorably upon it for stipulating to adopt agreed-upon claim constructions and therefore avoiding excessive motion practice. (*Id.* 5–6.) While the Court does appreciate the parties resolving their differences without the Court's involvement, this behavior does not allow parties to forgo following the rules. Indeed, per the local rules the parties have a duty to work together and conserve judicial resources. *See* L.R. 7-3 ("[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.") It is a very sad state of the practice when parties ask for special treatment for simply complying with their professional duties and obligations. Having found that Defendant was not diligent in amending its contentions, the Court need not reach the issue of prejudice to Plaintiffs. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1368.

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion and **STRIKES** Defendant's Second Amended Invalidity Contentions and Expert's opinions based on those contentions. (ECF No. 88.) The Court declines to award sanctions of reasonable attorneys' fees in favor of Plaintiffs at this time.

**IT IS SO ORDERED.**

October 1, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**